# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH JODY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-614-D |
| ) | |
| DIRECTOR, Oklahoma ) | |
| Department of Corrections; ) | |
| WARDEN, Oklahoma State ) | |
| Reformatory; ) | |
| WARDEN, James Crabtree ) | |
| Correctional Center; ) | |
| STATE OF OKLAHOMA; ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, seeks to have the court expunge a disciplinary conviction pursuant to 28 U.S.C. § 2241. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents moved for dismissal, arguing that prison officials have already dismissed and expunged the disciplinary conviction, rendering Petitioner's petition moot. Doc. 11. Petitioner responded, Doc. 13, and on the court's request, Doc. 15, Respondents replied. Doc. 17. Petitioner filed a surreply, Doc. 21, and the case is now at issue. The undersigned

agrees with Respondents and recommends that the court dismiss Petitioner's habeas petition as moot.

I.  **The undersigned's consideration of outside evidence.**

Petitioner and Respondents attached exhibits to their pleadings. Docs. 1, 11, 13, 17. For the following reasons, the undersigned has considered these exhibits.

In their motion to dismiss, Respondents challenge the court's jurisdiction to rule on Petitioner's petition, attacking the facts upon which subject matter jurisdiction depends. Doc. 11, at 2-3.[1] Under this "factual attack," the court "may not presume the truthfulness of the [petition's] factual allegations." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining the distinction between "facial" and "factual" attacks on subject matter jurisdiction). Instead, the court "must make its own findings of fact." *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013) (citations omitted). In doing so, the court has "wide discretion" to rely on materials outside the pleadings and the "court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003; *see also Castro*, 541 F. App'x at 836.

---

[1] The undersigned's page citations refer to this Court's CM/ECF pagination.

## II. Analysis.

### A. The mootness doctrine.

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Id.* at 1213 (citation and internal quotations omitted).

It is Petitioner's burden to establish that this Court has jurisdiction. *See Wilcox v. Aleman*, 43 F. App'x 210, 212 (10th Cir. 2002) (holding that habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from the mootness death knell."). So, once Respondents factually attacked jurisdiction, Petitioner was required to "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001).

### B. The status of Petitioner's disciplinary conviction.

Petitioner challenges his July 2013 disciplinary conviction, wherein he received twenty days in disciplinary segregation. Doc. 1, at 2 & Ex. 10.[2] He asks the court to expunge the conviction and order "the parole board [to] take

---

[2] *See also* Doc. 17, Ex. 1, at 2 (providing a more legible punishment explanation).

me up, back up for parole." *Id.* at 8. But Respondents present evidence that prison officials dismissed and expunged Petitioner's disciplinary conviction on September 10, 2014. Doc. 11, at 2-3 & Ex. 4. So, Respondents argue that Petitioner's petition is moot because a judicial decision in Petitioner's favor cannot redress any injury. *Id.* at 2-3.

Petitioner concedes that prison officials expunged the conviction, but argues that the petition is not moot because prison officials did not: (1) award "his back good time days"; (2) reinstate him to Level 4; (3) award him "15 days per month" starting in July 2014; (4) provide him "back gang pay, prison pay at Level 4"; or (5) take him "back up for parole[.]" Doc. 13, at 1-2.

In reply, Respondents provide evidence that: (1) prison officials did not deduct any earned credits, and before July 2014, Petitioner did not earn any achievement credits; (2) Petitioner was not removed from Level 4 as a result of his July 2013 disciplinary conviction and stayed at Level 4 until an unrelated disciplinary conviction in December 2013; and (3) Petitioner's inability to earn achievement credits after July 2014 is the result of unrelated disciplinary convictions in July and August, 2014. Doc. 17, at 1-3 & Ex. 1, at 1-4.

In his surreply, Petitioner simply reasserts that he: (1) is "still not on his Level 4"; (2) has not received his "prison pay"; and (3) has not received his

4

"15 days" after June 2014. Doc. 21, at 1. Petitioner also provides evidence suggesting that he "does get good time credit" on Count II of his case. *Id.*, Ex. 1, at 2.

C. **Analysis.**

Reviewing the evidence and controlling case law, the undersigned finds that Petitioner's petition is moot.

The parties agree that prison officials expunged Petitioner's disciplinary conviction, and the court can no longer order any effectual relief to that end. Further, the evidence shows that Petitioner did not lose his classification level status, any *already earned* credits, or any achievement credits (after July 2014), based on the July 2013 disciplinary conviction. Doc. 17, Ex. 1, at 3; Ex. 4. Just as important, Petitioner does not have a constitutional right to have the prison grant him credits or prison pay that he would have had the *opportunity* to earn without the disciplinary conviction. *See Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *1, 3 (10th Cir. Mar. 14, 2006) (unpublished op.) (holding that the district court properly dismissed prisoner's bid to have awarded to him credits and prison pay that he would have had the "opportunity to earn" but for the improper placement in segregation due to a disciplinary conviction that officials later expunged) (citing *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978)).

Finally, Petitioner alleges that he missed a parole hearing while in segregation and wants the court to order the "parole board" to "take me up, back up for parole."[3] Doc. 1, at 8; *see also* Doc. 13, at 2. However, the court can grant habeas relief only if the remedy would "result in the prisoner's immediate or speedier release from confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). And in Oklahoma, parole is discretionary. *See* Okla. Stat. tit. 57, § 332 (stating that whether or not to release a prisoner on parole is within the Governor's sole discretion). So, a judgment in Petitioner's favor "means at most a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Because success for Petitioner does not "necessarily spell speedier release," the court cannot grant him his requested relief under these circumstances. *Id.*

Based on the foregoing, this Court cannot grant Petitioner any effectual relief. So, the undersigned finds that Petitioner's petition is moot, and the court should dismiss it as such. *See Thomas v. Chester*, 561 F. App'x 565, 657 (10th Cir. 2014) (affirming the district court's dismissal of petitioner's § 2241

---

[3] For his robbery with a firearm conviction (Count I), Petitioner must serve 85% of his sentence – or until July 2021 – before he is eligible for parole. Doc. 17, at 1-2; *id.* Ex. 1, at 1, 3. Presumably then, Petitioner had a parole hearing date scheduled for his stealing an automobile conviction (Count II).

petition on grounds that prison officials' "expungement of [the] misconduct conviction" rendered his petition moot).

III. **Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned finds that Petitioner's habeas petition is moot and the court should dismiss it on that ground.

The undersigned advise the parties of their right to file an objection to this report and recommendation with the Clerk of this Court by March 4, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 12th day of February, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE